## Village of Lockport v. Mary A Richards.

1. CITIES AND VILLAGES—*Defects in Sidewalks—Actual Notice, When Unnecessary.*—Where the proof shows that a defect in a sidewalk had existed for such a length of time that the village in the exercise of ordinary diligence ought to have discovered and remedied it, actual notice is unnecessary.

2. DAMAGES—*$800 Not Excessive.*—Where a woman, forty-two years of age, engaged in keeping a boarding-house, and doing a large part of her own work, was injured by falling through a defective trap-door in a sidewalk and precipitated into an areaway under the walk some seven feet deep, rendering her unable to perform housework, such as washing, scrubbing and making beds, and was constantly growing worse, a verdict for $800 is not excessive.

**Trespass on the Case,** for personal injuries. Trial in the Circuit Court of Will County; the Hon. ROBERT W. HILSHER, Judge, presiding. Verdict and judgment. for plaintiff; appeal by defendant. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

JOHN W. D'ARCY, attorney for appellant, contended that a village is only required to exercise reasonable care and diligence in keeping its streets and sidewalks in a reasonably safe condition for public travel. It is not an insurer against accidents. When a village has provided a reasonably safe sidewalk for persons to walk upon it has discharged its whole duty. Pres't, etc., v. Senger, 34 Ill. App. 230; Champaign v. Jones, 132 Ill. 304; Jefferson v. Chapman, 127 Ill. 446; City of Sandwich v. Dolan, 141 Ill. 430; City of Chicago v. Kohlhof, 64 Ill. App. 349.

A village is not required to keep constant guard and watch over its sidewalks, supposed to be safe and sufficient, and see that some one does not break holes into or destroy them, or that trap-doors do not become displaced, or breaches occur from other unexpected causes. Paxton v. Frew, 52 Ill. App. 393.

HALEY & O'DONNELL, attorneys for appellee.

It is negligence for a city to permit trap-doors in a public sidewalk to be used when such trap-doors are in such con-

dition that their use is dangerous, and if, in such dangerous condition, they are used and left open, the city will be liable. Sweeny v. City of Butte, 11 Am. R. R. & Corp. Rep. 311.

Where a defect in a plank sidewalk is patent, and had existed for a month, the city is presumed to have notice. La Salle v. Porterfield, 138 Ill. 114; Fairfield v. Hornick, 53 Ill. App. 558; Galesburg v. Rahn, 45 Ill. App. 351.

Where an injury is produced as the result partly of a defect in the street, and partly of an accident, which was the primary cause, the latter fact forms no excuse for the negligence of such corporation in failing to keep its streets in repair. When damages would not have been sustained but for the defect, if such defect was negligence on the part of the city, and the plaintiff used care, she can recover. Lacon v. Page, 48 Ill. 499; City of Joliet v. Verley, 35 Ill. 63.

If a person, while exercising due care for his safety, is injured, by the combined result of an accident, and the inadvertent or careless act of another, or the negligence of a city, and the injury would not have been sustained but for such negligence of the city, then, although the wrongful act of a third person be the primary cause of the injury, if it were such that common prudence could not have foreseen and avoided, the city will be liable. Carterville v. Cook, 129 Ill. 152; Joliet v. Shufeldt, 144 Ill. 403.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Between five and six o'clock on the afternoon of November 24, 1892, appellee, Mary A. Richards, who resided on the north side of East Ninth street, in the village of Lockport, Illinois, stepped from the door of her house and started diagonally across the walk in a southeasterly direction toward a man and woman, who were about to get into a buggy at the edge of the walk. It was then in the dusk of the evening. About twenty feet from her door she either stepped upon a trap-door in the walk in front of the adjoining premises, which gave way under her weight, or by reason

of the displacement of the trap-door, walked into the opening and was precipitated into an areaway under the walk some seven feet deep. The trap-door fell through the hole with her and pinioned her against a wall, so that she could not move until assistance reached her. By the fall she claims to have sustained injuries to the back and hips and also to have received a wound on the leg below the knee. She brought suit against the city for damages in the Will County Circuit Court, and the cause was tried at the September term, 1894. The jury having failed to agree, there was another trial at the May term, 1898, when the jury returned a verdict in favor of appellee for $800 and judgment was entered for that amount.

A number of errors are assigned, but the only ones argued by counsel for appellant, are that there was no notice to the city, either actual or constructive, of the defect in the walk; that improper instructions were given to the jury in behalf of the plaintiff below, and that the damages are excessive.

The trap-door was two and a half feet wide and some five feet long, extending from near the middle of the sidewalk, south, some eighteen inches over the curb. The south end rested on the curb and the north end of it rested either on a stringer or on a two by four inch strip nailed thereto. There were cleats nailed on the under side of the door which were intended to hold the boards together, and operated to some extent to prevent the door from slipping. On the east side of the door were two iron hinges, which, it appears from the evidence, were broken and rusted off, before the happening of this accident. The cleats and supports were also somewhat decayed. It is impossible to say, from the evidence, just how long the hinges had been rusted or broken off, but one witness testified that, while delivering coal in the spring of 1892, he had to open the door, and at that time discovered that the hinges were in that condition.

While a village is not bound to insure the absolute safety of its walks, yet it must at least use reasonable care and

diligence to keep them in a reasonably safe condition. The proof does not show that actual notice of the defect had not been given to the village, but it does show that the defect had existed for such a length of time that the village, in the exercise of ordinary diligence, ought to have discovered and remedied it. Evidence was introduced on the part of appellant, tending to show that the door had been accidentally misplaced by one of the parties who were getting into the buggy at the edge of the walk. The fact that accident combined with negligence to cause an injury will not of itself preclude a recovery. City of Joliet v. Shufeldt, 144 Ill. 403.

Instructions one and two, given for appellee, authorized a recovery in case the jury found the injury was the combined result of an accident and the negligence of the village, and they are said to have been improperly given, because the declaration does not aver accident, but only negligence.

The second count of the declaration charges that the village was guilty of negligence in permitting the sidewalk and trap-door to remain and be in an unsafe and dangerous condition. It then sets forth the circumstances under which plaintiff fell through the door, and the consequent injury to her.

We are therefore of opinion that the second count does, as a matter of fact, state a case of combined negligence and accident.

The amount of the recovery in this case is claimed by appellant to be excessive and the testimony of the physicians, introduced by it as witnesses, tends to show that the injuries received by appellee were neither serious nor lasting. On the other hand, she testified that her injuries were painful; that she was confined to her bed for some two months; that she was at the time forty-two years of age, was keeping a boarding-house, and doing a large part of her own work; that since then, and up to the time of the trial, there was some of the housework, such as washing, scrubbing and making beds, which she could not do, and

that she was constantly growing worse. She was corroborated in her statements by several witnesses.

Under the circumstances we can not say that the damages allowed were so excessive as to warrant a reversal of the judgment in this case. The judgment will therefore be affirmed.